UNITED STATES DISTRICT COUR

DISTRICT OF NEW HAMPSHIRE

James Garneau,
 Claimant

 v.

Nancy A. Berryhill, Acting Commissioner,
Social Security Administration,
 Defendant

Case No. 16-cv-448-SM
Opinion No. 2018 DNH 056

**O R D E R**

By order dated October 10, 2017, the court vacated the Acting Commissioner's decision denying James Garneau's application for Social Security Disability Benefits, and remanded the case for further proceedings (document no. 12) (the "October Order"). Mr. Garneau now moves for an award of attorney's fees under the Equal Access to Justice Act (the "EAJA"). See 28 U.S.C. § 2412(d)(1)(A). The Acting Commissioner opposes Garneau's motion for fees on grounds that the government's agency action and it's litigation position before this court were both "substantially justified," within the meaning of the EAJA.

For the reasons set forth below, claimant's motion for an award of attorney's fees is granted.

**Standard of Review**

The Equal Access to Justice Act ("EAJA") provides, in pertinent part, that:

> Except as otherwise specifically provided by statute, a court <u>shall award</u> to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified</u> or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis supplied). So, to recover fees under the EAJA, a party must not only prevail, but the court must also conclude that the government's position was not substantially justified. See <u>McDonald v. Secretary of Health & Human Services</u>, 884 F.2d 1468, 1469-70 (1st Cir.1989) ("Under EAJA, . . . the government must foot the legal bills of its adversaries in civil cases (other than tort actions), but only if the adversaries 'prevail' and if the government's position is not 'substantially justified.'").

Under the EAJA, the "government's position" in this case includes not only the Acting Commissioner's arguments before this court, but also the conduct of both the administrative law judge in denying Garneau's application for benefits and the Appeals Council's decision to decline review. See 28 U.S.C. §

2412(d)(2)(D) ("'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based.").

In opposing a party's request for fees under the EAJA, the government bears the burden of demonstrating that its position was substantially justified. See Scarborough v. Principi, 541 U.S. 401, 414 (2004). The Supreme Court has explained that the government carries its burden by showing its position had "a reasonable basis in law and fact" and was justified "to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 and 566 n.2 (1988). In other words, the government's position will be considered "substantially justified" if "reasonable people could differ as to the appropriateness of the contested action." Id. at 565 (citation and internal punctuation omitted). It may also be considered substantially justified when the issue presented was close or involved novel questions of law. See, e.g., Schock v. United States, 254 F.3d 1, 6 (1st Cir. 2001) ("When the issue is a novel one on which there is little precedent, courts have been reluctant to find the government's position was not substantially justified.").

## Discussion

This case did not implicate any novel (or even debatable) questions of law. Rather, it involved application of the well-established "treating source rule." See 20 C.F.R. § 404.1527(c)(2). This court (DiClerico, J.) recently described that rule as follows:

> An ALJ is required to consider the medical opinions along with all other relevant evidence in a claimant's record. 20 C.F.R. § 404.1527(b). Medical opinions from all sources are evaluated based on the nature of the medical source's relationship with the claimant, the consistency of the opinion with the other record evidence, the medical source's specialty, and other factors that may be brought to the ALJ's attention. § 404.1527(c). "[U]nder the treating source rule, controlling weight will be given to a treating physician's opinion on the nature and severity of a claimant's impairments if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."

Squeglia v. Berryhill, No. 16-CV-238-JD, 2017 DNH 36, 2017 WL 773528 at *4, (D.N.H. Feb. 28, 2017) (DiClerico, J.) (quoting Arrington v. Colvin, 216 F. Supp. 3d 217, 239 (D. Mass. 2016), aff'd sub nom. Arrington v. Berryhill, No. 17-1047, 2018 WL 818044 (1st Cir. Feb. 5, 2018)) (emphasis supplied).

Here, the court held that the ALJ failed to properly apply the "treating source rule" by neglecting to give good reasons for discounting Dr. Rock's opinion that Garneau would likely be

4

absent from work three or more times each month as a result of his impairments - an opinion that was shared by Nurse Dustin. See October Order at 23 ("Dr. Rock's opinion and Nurse Dustin's opinion are not just consistent; they are identical."). See generally Brunel v. Commissioner, 248 F.3d 1126, 2000 WL 1815946 at *2 (1st Cir. 2000) ("The ALJ's error was particularly egregious because he cited the claimant's treating doctor's RFC evaluation in support of his own RFC findings, while ignoring, without any explanation, that part of the doctor's evaluation which indicated that claimant's capacity for sedentary work was significantly compromised. The ALJ thus plainly violated the Commissioner's own regulations and rulings."). Indeed, the opinions of Dr. Rock and Nurse Dustin were the only opinions in the entire medical record that addressed Garneau's likely absences from work. And, critically, both of those opinions were supported by objective medical signs. See October Order at 21-23. Given that those opinions were well-supported, and in light of the absence of contrary evidence, the court noted that not only had the ALJ failed to comply with the "treating source rule," but "it would appear that by determining that Garneau would be absent from work two days a month or fewer, the ALJ may have run afoul of the rule that generally precludes ALJs from interpreting raw medical data in functional terms and

determining a claimant's RFC without support from an expert opinion." Id. at 23.

Parenthetically, the court notes that the Acting Commissioner suggests, with at best ambiguous legal support, that whether (and, if so, how much) a claimant is likely to be absent from work each month due to his or her impairment(s) is a question reserved to the Commissioner under 20 C.F.R. § 416.927(d). So, the argument goes, the ALJ was entirely within her rights to simply ignore the two opinions from treating sources about Garneau's likely absences, without need for any explanation. The court disagrees. See 20 C.F.R. § 416.927(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). A medical expert's opinion about the number of days a claimant is likely to miss work due to his or her impairments is akin to an opinion about the number of hours a claimant can remain seated, or the amount a claimant can lift, or a claimant's need for unscheduled breaks, or a claimant's need to avoid repetitive motions - all of which are so-called "functional limitations," on which medical experts are entitled to opine. See, e.g.,

Lampkin v. Comm'r of Social Security, No. 5:15-CV-0944 (DEP), 2016 WL 4486177, at *3 (N.D.N.Y. Aug. 25, 2016) ("[I]t is not true that the opinion that [claimant] would be absent from work four times per month is a matter reserved to the Commissioner."); Dote-Lowery v. Colvin, No. 6:14-CV-00570, 2015 WL 5787016, at *4 (N.D.N.Y. Oct. 1, 2015) ("Dr. Mulholland's medical source statement does not appear to give a[n] opinion as to the ultimate issue of Plaintiff's RFC, but only on the issue of Plaintiff's ability to attend to work on a regular basis. While this information is relevant to the RFC determination, it is not an opinion on the ultimate issue. Thus, this does not constitute a meritorious basis to reject Dr. Mulholland's medical source statement."). See also Cox v. Berryhill, No. 4:15-CV-3265-TER, 2017 WL 631819, at *4 (D.S.C. Feb. 16, 2017); Moliere v. Colvin, No. 6:15-CV-476-ORL-MCR, 2016 WL 5110507, at *4 (M.D. Fla. Sept. 21, 2016).

Finally, the court notes that in granting Garneau's motion to remand, the court observed that the record strongly suggests that his disc disease qualifies as a listed impairment - a finding that would resolve his claim at step three of the sequential analysis. See October Order at 24 ("Garneau's medical records appear to document most if not all of the

findings necessary to support a determination that Garneau's
degenerative disc disease qualifies as a listed impairment.").

The point is this: this was not a particularly close case,
nor did its resolution require novel interpretations of
applicable law.  Rather, it involved a clear and straight-
forward error on the part of the ALJ.  Such mistakes happen.
But, at least in the context of this case, the nature of that
error precludes the Acting Commissioner from carrying her burden
to demonstrate that her decision to deny Garneau's application
for benefits, as well as her defense of that decision before
this court, were "substantially justified."

**Conclusion**

For the foregoing reasons, as well as those set forth in
claimant's memoranda, the court concludes that the Acting
Commissioner has not demonstrated that the position of the
government was "substantially justified."  See 28 U.S.C. §
2412(d)(1)(A).  And, because she does not object to claimant's
motion for fees on other grounds, that motion (document no. 14)
is granted.  Claimant is awarded reasonable attorney's fees in
the amount of $6,632.50.  See Affidavit of Attorney Ruth Heinz
(document no. 14-2) and Exhibit 1 (document no. 14-2).

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 19, 2018

cc: Ruth D. Heintz, Esq.
    Robert J. Rabuck, AUSA